UNITED STATES of America, Appellee,

v.

Paul GUZMAN, Appellant.

No. 682, Docket 73-1522.

United States Court of Appeals, Second Circuit.

Argued April 19, 1973.

Decided May 7, 1973.

Jesse Berman, New York City, for appellant.

George E. Wilson, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., for the S. D. New York, on the brief), for appellee.

Before CLARK, Associate Justice,* and WATERMAN and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Paul Guzman appeals from an order of the United States District Court for the Southern District of New York, Charles M. Metzner, J., refusing to reduce Guzman's two-year sentence and denying him other requested relief. The sentence was imposed upon Guzman in March 1972 after he had been convicted of failure to report for an armed forces physical examination and failure to report for induction. We affirmed that conviction, 468 F.2d 1245 (2 Cir. 1972), and the Supreme Court denied certiorari, 410 U.S. 937, 93 S.Ct. 1397, 35 L.Ed.2d 602 (1973). Guzman then moved under Fed. R.Crim.P. 32(c) and 35 for the relief denied by the order now under attack.

* Retired Associate Justice of the Supreme Court of the United States, sitting by designation.

■ Guzman raises three points on appeal, two of which are based upon various changes in appellant's circumstances since his conviction over a year ago. These changes, as presented to Judge Metzner, were that Guzman had married, his wife faced major surgery, he was gainfully employed and had an opportunity to earn badly needed funds by writing one book and collaborating on another, and he was now willing to undertake civilian service as a condition of probation, an alternative to which he had apparently been conscientiously opposed at the time of sentence. Judge Metzner considered these new facts and, in a four-page memorandum, refused to reduce the sentence.[1] Guzman argues that this was somehow an abuse of discretion. The claim is frivolous.

■ Similarly without merit is Guzman's argument that the judge should have (1) allowed him to inspect the original pre-sentence report prepared for the March 1972 sentence and (2) ordered an updating of the report. Whatever may have been the proper course in March 1972 had a request then been made for inspection of the report— apparently none was—there was simply no good reason to turn it over a year later. Similarly, there was no need to update the report, because the judge assumed the truth of Guzman's claim of new circumstances but was not persuaded by them to change the sentence.

■ Guzman's final point is the only one of any substance, but it rests upon an equivocal record. Relying upon United States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722 (1970), Guzman argues that the district court erred in sentencing him as an adult without first expressly finding that he should not be sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. There is no doubt that Judge Metzner made no such finding. There is a great deal of doubt, however, that he was ever asked to do so. Guzman's motion papers, dated and filed March 15, 1973, made no mention of the Act, and the judge's memorandum opinion did not deal with this argument. Guzman's counsel, however, maintains in this court that he did raise the point below. As proof, he relies upon his own affidavit, dated March 29, 1973, filed in the district court in support of a motion for a stay of execution of sentence pending appeal. He there swore, after correctly summarizing the relief he had requested in the March 15 motion papers:

> On March 16, 1973, counsel for defendant also advised this Court [the district court], through one of the Court's law clerks, that defendant was also alerting the Court to the possibility of defendant being sentenced under the provisions of the Youth Corrections Act (18 U.S.C. § 5010) and under the provision of 18 U.S.C. § 4208(a)(2), making him immediately eligible for consideration for parole.

One may wonder at this informal method used to urge upon the district court the argument now pressed as the principal ground for reversal. It seems fairly apparent that the judge never considered this point, presumably because it was not brought to his attention. We clearly would be justified in holding that the issue was never properly raised below. However, the claim goes to the legality of the sentence, and will undoubtedly be raised again in a post-conviction petition. Moreover, the legal argument regarding the absence of a finding may disappear once the possibility of applying the Youth Corrections Act is pointed out to the judge in an appropriate way. Finally, it is possible that the judge will decide to extend to Guzman the benefits of treatment under the Act, although we express no view as to that. Therefore, while we do not imply that the judge was in any way remiss, we are remanding to allow the suggestion of Youth Corrections Act treatment to be made properly to the district judge.

1. The judge did postpone the surrender date to allow Guzman to remain on bail until after his wife's operation.

In remanding, we do not decide whether a district judge, before sentencing a defendant under 22 as an adult, must make an express finding under 18 U.S.C. § 5010(d) that "the youth offender will not derive benefit from treatment under" the Act, see United States v. Coefield, 476 F.2d 1152 (D.C.Cir. 1973) (en banc), or whether an implied finding is sufficient, compare Cox v. United States, 473 F.2d 334, 337 (4th Cir. 1973) (en banc), with United States v. Jarratt, 471 F.2d 226, 230 (9th Cir. 1972), or whether no finding, express or implied, is required. We hold only that under the circumstances here, including the ambiguous record, there should be a resentencing by the district judge, at which time Guzman may request Youth Corrections Act treatment.[2]

Remanded for further proceedings consistent with this opinion. The mandate shall issue forthwith.

---

2. We regard as frivolous Guzman's request for resentencing by another judge.