**UNITED STATES of America,**
**Appellee,**

v.

**Stephen KURZYNA, Appellant.**

**No. 1073, Docket 73-1421.**

United States Court of Appeals,
Second Circuit.

Argued July 20, 1973.

Decided Oct. 5, 1973.

Paul J. Curran, U. S. Atty. S. D. N. Y., by George E. Wilson and John W. Nields, Jr., Asst. U. S. Attys., for appellee.

Alfred Lawrence Tombs, New York City, for appellant.

Before HAYS and OAKES, Circuit Judges, and TYLER, District Judge.*

TYLER, District Judge:

Stephen Kurzyna appeals from a judgment of conviction entered on March 6, 1973 in the United States District Court for the Southern District of New York (Tenney, J.), after a one day bench trial. In that judgment, the trial court sentenced Kurzyna to imprisonment for two years but suspended execution of sentence and placed him on probation for two years upon the special condition that he register with the Selective Service System within 30 days of judgment.

Kurzyna basically raises two contentions on appeal. First, he contends that the Selective Service regulations require or permit the "involuntary registration" of persons who refuse to participate in the registration process, on the theory that prior to the filing of the indictment various government agencies, through appellant and otherwise, had obtained substantially all the necessary information needed to complete in effect his registration. Second, it is claimed that the judge erred as a matter of law in refusing to rule that the probation disposition was subject to relevant provisions of the Youth Corrections Act, 18 U.S.C. Sections 5010(b) and 5021(b).

Appellant's initial claim that his local board should have registered him "involuntarily" is precluded by this court's decision in United States v. Matusewitch, 481 F.2d 174, decided June 22, 1973. The fact that other governmental agencies had in their possession almost all of the information requisite for registration of Kurzyna cannot suffice to distinguish his case from *Matusewitch*. Kurzyna asserted to the Selective Service authorities that he would not voluntarily submit to registration; he also indicated to all concerned that he was aware of the consequences of his refusal to cooperate. To require a local

* Sitting by designation.

draft board to seek necessary information, even from other governmental agencies, under these circumstances would place an undue burden on the Selective Service System and would be contrary to the plain language of the operative statute and regulations. Title 50 Appendix U.S.C. Section 453; 32 C.F.R. Section 1613.13 and Section 1613.16. Undeniably, the statutory and regulatory language establishes that a registrant must present himself for and submit to the registration process. The trial judge properly found that Kurzyna did neither. In substance, appellant's sole contact with the Selective Service authorities at the time he was supposed to register was through a letter in which he declared his intentions not to register. He later appeared in person at Selective Service headquarters, but again only for the express purpose of informing the Service of his reasons for refusing to register. See United States v. Matusewitch, *supra;* United States v. Koehn, 457 F.2d 1332 (10th Cir. 1972).

■ Kurzyna's final claim is superficially more compelling. During the sentencing colloquy, Kurzyna's counsel correctly informed the trial court that Kurzyna was then 20 years old and had specifically requested sentence pursuant to the Youth Corrections Act. After considering the matter, the trial judge expressly refused to impose sentence upon Kurzyna as a youth offender. He suspended execution of the two year commitment, however, and placed appellant on probation for two years, subject to the special condition heretofore noted. At the urging of defense counsel, the judge then made the following finding:

"The Court: I find that the defendant is in no way remorseful for his prior offense, that he has shown no indication of accepting gainful employment, and I don't believe that he

would obtain any benefit by treatment as a youthful offender." (SM 134).

It is Kurzyna's claim, however, that he was a statutorily defined "Youth Offender" within the meaning of Section 5006(e) of Title 18. Thus, in appellant's view, by operation of law the judge was required to impose probation under the Youth Corrections Act.

Further in support of this conclusion, Kurzyna suggests that, by its terms, Section 5010(d) of that Act does not authorize any sentence to "adult probation"; he claims there is no statutory authority for a sentence of "adult probation" in the case of one whose tender years theoretically qualify him as a youth offender. Still further, it is claimed that the trial judge's determination to specifically reject probation under the Act was erroneous in that it divested the court of discretion to determine later whether or not appellant qualified for having his conviction expunged from the record. 18 U.S.C. Section 5021(d).

We are not persuaded by this ingenious reasoning, partly because it does not accord with the legislative history of the Act and partly because the closest federal appellate decision in point, United States v. Jarratt, 471 F.2d 226 (9th Cir. 1972), holds to the contrary with what we regard as persuasive analysis.[1] Moreover, we think that appellant overlooks the force of the following plain language of Section 5023(a) of the Act:

"Nothing in this chapter shall limit or affect the power of any court to suspend the imposition or execution of any sentence and place a youth offender on probation or be construed in any wise to amend, repeal, or affect the provisions of chapter 231 of this Title or the Act of June 25, 1910 (ch. 433, 36 Stat. 864), as amended (ch. 1,

---

1. This and other federal appellate courts have assumed that trial judges are not barred by the terms of the Act, or otherwise, from imposing "adult" sentences upon offenders eligible by reason of age for dispo-

sition under the Act. United States v. Guzman, 478 F.2d 759 (2d Cir. 1973); see also Cox v. United States, 473 F.2d 334 (4th Cir. 1973) and United States v. Coefield, 476 F.2d 1152 (D.C.Cir. 1973) (en banc).

Title 24, of the District of Columbia Code), both relative to probation."

Chapter 231 of Title 18, of course, deals with "straight" or "adult" probation in cases where the offender is not eligible by reason of age to be considered under the Youth Corrections Act.

Nothing in the legislative history of the Act seems to indicate that Congress intended by its passage to preempt chapter 231 or to otherwise carve out an explicit exception to Section 5023(a). Indeed, the Senate Committee on the Judiciary, which favored the Act, reported as follows:

> "While this bill (the Act) would not deprive the court of any of its present functions as to sentencing, it provides that upon conviction, the court may place the youth offender on probation, proceed under the Juvenile Delinquency Act, or sentence under any applicable law relating to the offense." S. Rep.No.1180, 81st Cong., 1st Sess. 1 (1949).

Similarly, the House Committee on the judiciary, which also favored the Act, stated:

> "The proposed legislation (the Act) is designed to make available for the discretionary use of the Federal Judges a system for the sentencing and treatment of (youth offenders) . . ." H.R.Rep.No.2979, 81st Cong, 2nd Sess. 2 U.S.Code Cong.Serv. p. 3983 (1950).

In light of this legislative history, the Ninth Circuit in *Jarratt, supra*, rejected the interpretation here argued by Kurzyna because "it unnecessarily fetters the discretion of the district court in sentencing." 471 F.2d at 229. The appellate court noted in *Jarratt*, however, that the trial judge had omitted to specify or find that the appellant would not

derive benefit from treatment under subparagraphs (b) and (c) of Section 5010. Accordingly, it remanded the case for resentencing so that the judge could clarify his intentions to place Jarratt on probation as an adult pursuant to subparagraph (d) of the same section.

The trial court here, of course, made its intentions abundantly clear in this respect.[2] True, the judge did not specifically refer to Section 5010(d). We assume, however, that the veteran trial judge was well aware of the statutory section just mentioned, and Kurzyna does not claim to the contrary.

Although not pressed particularly by appellant, there is one other aspect of legislative history, not considered by the Ninth Circuit in *Jarratt*, which should be mentioned briefly here. In 1961, Congress amended the Youth Corrections Act, basically to correct an anomaly which was present in the original statute. Prior to that year, a probation disposition pursuant to the Act was unavailable, and a youth sentenced to probation could not have his record subsequently expunged, while one sentenced to institutional treatment could obtain such relief. Thus it was that in 1961 Congress added amendments which are now embodied, of course, in Sections 5010(a) and 5021(b). There is nothing in the history of the amendments to suggest that Congress intended to fetter the flexibility or discretion of district judges which its steering committees had so clearly in mind at the time of the enactment of the original provisions of the Act, and it is highly improbable that one anomaly would be replaced by another—i. e. a judge could sentence a youth offender to prison as an adult but not place him on probation as an adult. Finally, nothing was done to alter the plain

---

2. Since Judge Tenney made rather explicit findings, this case does not squarely present the question, expressly left open by this court in United States v. Guzman, 478 F.2d 759 (1973), and apparently now *sub judice* before another panel of the court, United States v. Kaylor, of whether or not a trial judge must make an explicit finding that an otherwise eligible offender will "not derive benefit from treatment" under the Act. 18 U.S.C. Section 5010(d). The Fourth and District of Columbia Circuits have recently answered this question in the affirmative. Cox v. United States, 473 F.2d 334, at 337 (4th Cir. 1973); United States v. Coefield, 476 F.2d 1152, at 1158–1159 (D.C.Cir. 1973) (en banc).

intendment of Section 5010(d) which states:

"If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision."

The judgment of conviction is affirmed on the merits. We find no error of law or abuse of discretion committed by the trial court in respect to the sentence imposed on Kurzyna.