**UNITED STATES of America,**
**Appellee,**
v.
**Peter MATUSEWITCH, Appellant.**
**No. 959, Docket 72-2438.**

United States Court of Appeals,
Second Circuit.

Argued June 8, 1973.

Decided June 22, 1973.

Certiorari Denied Oct. 23, 1973.
See 94 S.Ct. 297.

Alfred Lawrence Toombs, New York City, for appellant.

George E. Wilson, New York City (Peter L. Truebner, Asst. U. S. Atty., Whitney North Seymour, Jr., U. S. Atty., on the brief), for appellee.

Before HAYS, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered in the United States District Court for the Southern District after a non-jury trial. Appellant Matusewitch was found guilty of failing to register with the Selective Service System in violation of 50 U.S.C. App. § 462 (a). He was sentenced to a term of 3 years in prison but the judge suspended the execution of that sentence and placed the appellant on probation for 5 years upon condition that he register with the Selective Service within 30 days and perform service in the national interest during the probationary period. The sentence was stayed pending this appeal and the appellant was released on his own recognizance. We affirm the judgment of the district court but remand for reconsideration of the sentence imposed upon the appellant.

Appellant appeared at his Selective Service local board on his eighteenth birthday with a letter (which he submitted to the Selective Service clerk) stating that he did not intend to register. He was accompanied by a group of people who supported his decision not to register. It was clear from his actions, his statements and his letter that he would not register for the draft nor answer the questions on the registration form.

Matusewitch claims that he should have been registered involuntarily and that he should have been warned of the penal consequences of his non-registration. However the local board was not required to assume the task of eliciting the required information from a subject who refused to cooperate. Matusewitch had been a draft counselor at a local college and his letter to the local board indicates that he was fully aware of the consequences of his actions.

We also reject the appellant's contention that he was denied a fair trial by the conduct of the trial judge. While the judge took a very active part in the trial, there was no unfairness or indication of bias in his attitude.

Matusewitch was sentenced as an adult. The trial judge did not indicate that he had given any consideration to the possibility of sentencing him under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010(a). Under the circumstances of this case, the trial judge should have an opportunity to reconsider the sentence imposed upon the defendant. See United States v. Guzman, 478 F.2d 759, 762 (2d Cir. 1973).

Judgment affirmed; remanded for reconsideration of the sentence.