**Edward K. K. KAOHELAULII, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20961.**

United States Court of Appeals Ninth Circuit.

Jan. 10, 1968.

Robert G. Hogan, (argued) of Hogan, Howell & Rother, Honolulu, Hawaii, for appellant.

James Ventura (argued) Asst. U. S. Atty., Herman T. F. Lum, U. S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge:

Edward K. K. Kaohelaulii, appellant, was charged in an indictment on March 23, 1965, by the grand jury of the District Court for the District of Hawaii with violating 50 App. U.S.C. § 462. The indictment charged—

"That between January 28, 1956, and January 26, 1964 in the District of Hawaii and within the jurisdiction of this Court, EDWARD K. K. KAOHE-LAULII, then and there a person liable for training and service under the Universal Military Training and Service Act of 1948, did knowingly evade or refuse to present himself and submit to registration as required under said Act (Title 50 App. U.S.C.A. Section 453), thereby violating the provisions of Section 462 of Title 50 App., United States Code."

The defendant entered a plea of not guilty and after a trial by jury during which he was represented by counsel, was found guilty as charged in the indictment. The district court suspended the imposition of sentence and appellant was placed on probation for a period of two years under certain terms and conditions. He filed a timely appeal to this court and was permitted to proceed in forma pauperis and the district court entered an order appointing counsel for him. This court has jurisdiction under 28 U.S.C. § 1291.

The record shows that appellant was a native Hawaiian born on January 28, 1938. He attended the Kamehameha High School in Honolulu from January 28, 1952, to June 3, 1956, and thereafter he attended Oregon State College for four years. He became 18 years of age on January 28, 1956. He did not register with his local draft board until October 15, 1964.[1] Shortly thereafter he was interviewed at his place of employment by an FBI agent. This agent advised appellant that he did not have to answer any questions, that he had every right to remain silent, that if he wished to do so he had a right to consult counsel or the advice of anyone else before saying anything, and that anything he did tell him might be used against him in court. In this statement appellant stated that he was aware of his responsibilities under the Selective Service law to register with the local draft board and that although he thought about going down and registering he kept putting it off and procrastinating. He further stated that when he was asked about his Selective Service status at Oregon State College, he told the college clerk to check with the Selective Service Board in Honolulu, and when he heard nothing more about it he did nothing further. He also stated that after he became interested in the Jehovah's Witnesses his conscience began to bother him over the fact that he had not registered for the draft, and after advising one of the officers of the Watchtower Society that he had never registered, and being advised by this officer to do so, he went down to the Selective Service Board and registered.

1. The law made it his duty to register upon his eighteenth birthday or within five days thereafter. Proclamation No. 2799, 13 Fed.Reg. 4173 (1948). Moreover, "the duty of every person subject to registration to present himself for and submit to registration shall continue at all times * * *." Exec. Order 10292, 16 Fed.Reg. 9843 (1951).

On appeal to this court appellant makes two contentions: (a) The district court erred in admitting into evidence over objection the statement made by appellant to FBI agent Bright, and (b) the district court erred in giving certain instructions to the jury.

■ Under his first specification of error appellant contends that the admonition given to appellant prior to the taking of a statement from him did not comply with the requirements in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. *Miranda* was decided on June 13, 1966, and the trial of appellant's case before the district court terminated on October 8, 1965. In Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the court said: "We hold further that Miranda applies only to cases in which the trial began after the date of our decision one week ago." Moreover, there is not a scintilla of evidence that the statement was not made voluntarily. There is thus no merit in appellant's first specification.

There is likewise no merit in appellant's second specification of error. Appellant alleges that the district court erred in giving the following instructions:

"An act or failure to act is done knowingly if done voluntarily and purposely, and not because of mistake or inadvertence or other innocent reason.

"In its essence, the charge is that the defendant was guilty of knowingly evading or refusing to register under the Universal Military Training and Service Act of 1948. The indictment has been read to you several times and will be taken with you when you retire to deliberate upon your verdict. I should explain that, although the indictment only charges that the defendant 'did knowingly evade or refuse to present himself and submit to registration' the Court has ruled that proof beyond a reasonable doubt that the defendant 'knowingly failed to present himself and submit to registration'

would satisfy the charge that he did knowingly evade or refuse to present himself and submit to registration.

"Four essential elements are required to be proved in order to establish the offense charged in the indictment:[2]

\*   \*   \*   \*   \*   \*

(3) That the defendant was a person liable for training and service under the Universal Military Training and Service Act of 1948 \* \* \* and therefore, that he was required to register under that act;

(4) That being such a person so required to register, defendant knowingly evaded, refused, or failed to present himself for such registration."

■ Appellant contends that these instructions permitted him to be convicted if the jury found that "he knowingly failed to present himself and submit to registration" whereas it was charged in the indictment that he did "knowingly evade or refuse to present himself and submit to registration." Appellant asserts that these instructions broadened the charge against him and that this was error. We disagree.

■ 50 App. U.S.C. § 462, after reciting a number of possible ways of violating the section, including knowing failure, then states "or who otherwise evades or refuses registration or service in the armed forces or any of the requirements of this title \* \* \*." The words "evade" and "refuse" are generic terms which include some of the specific terms used in the section and some other terms that are not specifically mentioned. They include in them the "failure or neglect" to register. The use of the words "otherwise evades or refuses registration" indicates that the drafters of the Act considered a knowing failure to be a form of evasion or refusal.

■■ Under the draft act a person who is liable to register must do so without any formal invitation; he is required to present himself to the government.

---

2. Elements (1) and (2) are not essential to the discussion of this appeal.

Having this duty and knowingly failing to perform is an evasion of his responsibility. Likewise, it can be clearly said that he has declined or refused to register if knowing his duty to register he has failed to do so. Thus, if a person over the age of 18 and under the age of 26 knowingly fails to register he has in a very real sense "refused to register."

It is clear that the appellant in this case knew exactly the violation of law that was charged against him. He knew that he was being charged with a violation of law because he had knowingly not registered for the draft within the time prescribed by law and for many years thereafter. The record contains ample evidence to show that his act in nonregistering was knowingly done. Whether this is characterized as a failure, a neglect, a refusal, or an evasion makes little difference and certainly resulted in no prejudice to appellant. We see no error in the challenged instruction.

Judgment affirmed.