The UNITED STATES of America, Plaintiff,

v.

Charles Robert EPP, Defendant.

Crim. A. No. 82–10077–01.

United States District Court, D. Kansas.

June 12, 1984.

384

Benjamin Burgess, Jr., U.S. Atty., D. Kansas, Jackie N. Williams, Asst. U.S. Atty., D. Kansas, Wichita, Kan., for plaintiff.

Eric Bruce, J. Michael Lehman, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is a prosecution for failure to register with the Selective Service System [SSS], 50 U.S.C.App. § 462(a). Defendant Charles Robert Epp, a concededly sincere Mennonite, moved to dismiss the indictment on a number of grounds during November of 1982. Epp alleged that the selective service regulations and the Presidential Proclamation implementing the duty to register had been illegally promulgated, Dk. No. 7; that the indictment failed to allege a crime because no continuing duty to register exists, Dk. No. 9; that the indictment contained a duplicity of counts, Dk. No. 10; and that he had been a victim of impermissively selective prosecution, Dk. No. 11. After very extensive briefing, this Court found, on May 3, 1983, that Epp had taken the issue of selective prosecution past the frivolous stage by making a prima facie showing that he was selectively prosecuted, and a full evidentiary hearing on that issue was ordered.

Prior to the evidentiary hearing, the Court examined *in camera* an extensive collection of government documents, most of which proved to be completely irrelevant to Epp's motions. Those documents with some relevance were provided to Epp. The evidentiary hearing was held on May 23, 1983. Three witnesses were called by the

defendant: Edward A. Frankle, formerly Special Assistant to the Director for Compliance in the SSS and currently Associate Director for Policy Development and Administrative Legal Systems with the SSS; David A. Cox, formerly Associate Director for Information Systems for the SSS; and David J. Kline, Senior Legal Advisor, General Litigation and Legal Advice Section of the Criminal Division of the United States Department of Justice. Numerous exhibits were introduced during the hearing, and the Court had the opportunity to personally assess the credibility of the witnesses.

At the conclusion of the evidentiary hearing, the Court took all of the pending motions under advisement. Epp requested, and the Court granted, twenty days following his receipt of a transcript of the evidentiary hearing in which to file his post-hearing brief. The transcript was filed on October 20, 1983. After numerous extensions of time and other assorted delays, the last of the post-hearing briefs was filed on May 16, 1984. The Court is now ready to rule on all of the pending motions in this case.

As a preliminary matter, the Court feels constrained to note that the leisurely pace of this particular case has permitted several other selective service cases to proceed much further through the judicial process. Although this Court might have written on a clean slate shortly after the indictment in this case was filed, such is certainly not the case now. Most of the contentions that Epp is pressing here have now been considered by the United States Courts of Appeals for the Sixth, Eighth, and Ninth Circuits, and the United States Supreme Court granted certiorari, on May 29, 1984, in the case of *Wayte v. United States* in order to review the Ninth Circuit's disposition of that case. This Court has, of course, fully considered the opinions generated in these other cases, and the Court has found that the vast majority of this authority runs counter to Epp's position. Furthermore, this Court is persuaded by this authority, and will not burden this opinion with a mere recitation or restatement of it.

*I. Illegal Promulgation* The Courts that have considered the legality of the promulgation of the selective service regulations and the Presidential Proclamation implementing the date, time and place of registration have uniformly concluded that both were legally promulgated. *See United States v. Wayte*, 710 F.2d 1385 (9th Cir.1983), *cert granted*, —— U.S. ——, 104 S.Ct. 2655, 81 L.Ed.2d 362 (1984); *United States v. Martin*, 557 F.Supp. 681 (N.D. Iowa 1982). This Court agrees, and must, therefore, decline to dismiss Epp's indictment on this ground.

*II. No Continuing Duty to Register* The Courts that have considered this contention have either held that a continuing duty to register exists, *see United States v. Eklund*, 733 F.2d 1287 (8th Cir.1984) (en banc); that the continuing-duty language is surplusage that may be stricken from an indictment without invalidating it, *United States v. Martin*, 557 F.Supp. 681 (N.D. Iowa 1982); or that the question is irrelevant so long as the initial registration period is covered by the language in the indictment, *United States v. Sasway*, 730 F.2d 771 (9th Cir. Unpub., 1984). Epp's indictment would be valid under any of these holdings, with which this Court agrees. The Court must, therefore, decline to dismiss the indictment on this ground.

*III. Duplicity of Counts* This argument does not appear to have been raised in any of the other cases. In a nutshell, Epp's argument is that the language of his indictment, which charges that he "did knowingly fail, neglect and refuse" to register, jumbles together several distinct violations expressed in 50 U.S.C. App. § 462(a) under the rubrics of "knowingly fail or neglect," "evades or refuses," and "knowingly fail or neglect or refuse." Epp attempts to draw an active and passive distinction between the various statutory expressions and argues that these alternative criminal concepts might lead to a conviction by a non-unanimous verdict. This Court finds no merit in this argument.

At the most, the United States has placed an unnecessary burden on itself with the

conjunctive language in the indictment. Under the statute, Epp could be convicted on evidence that showed, beyond a reasonable doubt, that he either failed, or neglected, or refused, to register. If the government believes it can show that Epp failed and neglected to register on his own accord, and then refused to register when given the express opportunity to do so by the United States Attorney, Epp is in no way prejudiced by language in the indictment that charges him with precisely that conduct. *See, e.g., Kaohelaulii v. United States,* 389 F.2d 495, 498 (9th Cir.1968). The Court must decline to dismiss Epp's indictment on this ground.

*IV. Selective Prosecution* If the length of the briefs is any indication, this is Epp's most earnestly presented motion. In addition to the scholarly briefs from both Epp and the Assistant United States Attorney, the Court has had the benefit of listening to, and judging the credibility of, the live testimony of three public servants who were, to a greater or lesser degree, involved in the creation of the enforcement mechanism by which Epp was chosen for criminal prosecution. A sombre reflection upon this evidence and these arguments convinces this Court that Epp was not selected for prosecution on an impermissible basis.

■ To succeed on a claim of selective prosecution, a defendant must show two elements. First, the defendant must show that he has been singled out for prosecution while others similarly situated have not generally been proceeded against for the type of conduct forming the basis of the charge against him. Second, the defendant must show that the government's discriminatory selection of him for prosecution has been invidious or in bad faith and has been based on impermissible considerations such as race, religion, or the desire to prevent the defendant from exercising his constitutional rights. *United States v. Amon,* 669 F.2d 1351, 1356 n. 6 (10th Cir. 1981).

■ The first element is easily satisfied in this case. There are, by most estimates,

at least half a million boys who should have registered for the draft, but who have not done so. At the time he was indicted, Epp was one of only about fourteen boys who were indicted out of the half-million who had broken the law.

It is the second element that Epp has failed to satisfy. He argues that his vocal opposition to draft registration—an activity concededly within the protection of the First Amendment to the United States Constitution—forms the real basis for his prosecution, and that the government was primarily motivated by a desire to silence this opposition, rather than by a desire to punish him for violating the selective service laws.

Quite to the contrary, the testimony of the government servants convinced this Court that the government's motives in prosecuting Epp were proper and that the prosecution was undertaken in good faith. The interrelationship of two factors led to Epp's indictment: first, he was known to the SSS as a violator because he wrote to the SSS and declared his refusal to register; and second, the SSS and the Department of Justice were under substantial pressure, both internally and externally, to create a credible deterrent to those contemplating failure to register by prosecuting known non-registrants. While the government's motives may not have been spotless and its chosen course of action may not have been the best in retrospect, neither was defective in any constitutional sense. None of the evidence before the Court even suggests that the government prosecuted Epp to silence his criticisms or to punish him for his convictions.

None of the foregoing is intended as supercilious commentary on the sincerity of Epp's religious and moral beliefs or on the sincerity of his opposition to draft registration. The Court cannot help but be impressed with Epp's disciplined refusal to compromise his beliefs, especially since registration requires nothing but a signature on a postcard and, at least at the present time, carries no correlative possibility of induction or military service. The

simple fact remains that Epp's beliefs, regardless of their sincerity, did not engender this prosecution, and they simply are not relevant to it. His motion to dismiss the indictment on the ground of selective prosecution must, therefore, be denied. *Accord, United States v. Eklund,* 733 F.2d 1287 (8th Cir.1984) (en banc); *United States v. Sasway,* 730 F.2d 771 (9th Cir., unpub., 1984); *United States v. Wayte,* 710 F.2d 1385 (9th Cir.1984), *cert. granted,* ___ U.S. ___, 104 S.Ct. 2655, 81 L.Ed.2d 362 (1984); *United States v. Ford,* No. 82–1059 (D.Conn., *unpub.,* April 11, 1983); *United States v. Martin,* 557 F.Supp. 681 (N.D.Iowa 1982).

IT IS THEREFORE ORDERED that Epp's pre-trial motions to dismiss the indictment against him are denied in their entirety.

IT IS FURTHER ORDERED that this case proceed to trial on Thursday, June 21, 1984, at 9:30 a.m.